IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 10, 2006

## CHUNCY L. HOLLIS v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Madison County**
**No. C-04-92     Donald H. Allen, Judge**

---

**No. W2005-00807-CCA-R3-PC  - Filed February 15, 2006**

---

The petitioner, Chuncy L. Hollis, originally pled guilty to possession of cocaine greater than .5 grams with intent to sell, a Class B felony, in exchange for a sentence of eight years.  Thereafter, he filed and was denied post-conviction relief.  The petitioner now appeals the post-conviction court's order, claiming that his trial counsel provided ineffective assistance of counsel which resulted in an unknowing and involuntary plea.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which DAVID G. HAYES and ALAN E. GLENN, JJ., joined.

George Morton Googe, District Public Defender, and Gregory D. Gookin, Assistant Public Defender, for the appellant, Chuncy L. Hollis.

Paul G. Summers, Attorney General and Reporter; David H. Findley, Assistant Attorney General; James G. (Jerry) Woodall, District Attorney General; and Alfred L. Earls, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

Upon preliminary review, the post-conviction court determined that the petitioner presented a colorable claim, appointed counsel, and held an evidentiary hearing.  Following the presentation of proof, the post-conviction court placed findings of fact on the record and denied the petition.  The petitioner appeals to this court, contending that the post-conviction court erred in finding that trial counsel rendered effective assistance.

At the post-conviction hearing, the petitioner testified that counsel met with him the day before the plea to discuss the State's offer of eight years.  He stated that counsel did not have the correct case file when counsel arrived at the meeting and that he filed his motion for discovery later

that day. The petitioner further stated that counsel indicated that he could arrange for the petitioner to go to boot camp and told him it was in his "best interest to take the plea because [of] our skin color. . . . [and that there was] no way [] to beat them out." He indicated that he did not understand the charges at the time of the plea and that he did not receive a copy of the discovery until nine months after his plea. He maintained that counsel "wasn't doing nothing" and that he should have looked at the case "more thoroughly" and filed a motion to suppress.

On cross-examination, the petitioner testified that counsel met with him only once. He acknowledged that he understood the contents of the plea document and did not ask the court any questions about the agreement during the plea hearing. Although he admitted that he told the trial court he was satisfied with counsel's representation, he stated that he answered in that manner because he did not know the factual basis of his case and "didn't know about the law." Regarding the alleged promise of boot camp, the petitioner admitted that the trial court informed him that the Department of Correction (DOC) would take the request and make the determination. At the post-conviction hearing, the petitioner admitted that he was guilty of possession of cocaine but was not guilty of possession with intent to sell. On redirect examination, the petitioner reiterated that he pled guilty because he "just didn't know about [his] case" and stated that if he had been aware of the factual basis of the offense, he would have gone to trial.

As the second and final witness at the hearing, counsel testified that he filed a motion for discovery the day before the plea as a formality but that he was in possession of the discovery materials well before the motion was filed. He further indicated that he felt the search of the petitioner was valid and that the petitioner would not prevail on a motion to suppress. Counsel stated that when the petitioner asked about his chances at trial, counsel answered that they would have a "hard row to hoe" based upon the facts of the case. He stated that he did not refer to the petitioner's race during the plea discussions and that the petitioner knew the decision to plead was his to make.

On cross-examination, counsel testified that he investigated the petitioner's case by reviewing discovery and talking to the petitioner on more than one occasion. He further indicated that he advised the petitioner of his right to testify and to call witnesses if he proceeded to trial. When questioned by the post-conviction court, counsel testified that he met with the petitioner "[a]t least four times" before he entered the plea and that he discussed the nature of the case and possible defenses with the petitioner in those meetings. He further noted that he did not promise the petitioner boot camp or probation and that he was prepared for trial at the time of the plea. He stated that he told the petitioner that if convicted, his sentence could be enhanced beyond the minimum.

Following the presentation of proof, the post-conviction court made the following findings with regard to the petitioner's claim of ineffective assistance of trial counsel:

Now, [counsel] tells me here that between the time he was hired up until the time that he was – this case was set for trial that he met with his client, [the petitioner], on at least four different occasions. He talked about the case with his client. He did discovery of the State's file. He indicated they had an open file

-2-

discovery policy and that he had possession of all the discovery materials – police report and Affidavit of Complaint, the indictment. Whatever was in the State's file that he had the – had possession of that. And I credit [counsel's] testimony when he says he met with his client and talked about these things.

Now, it does appear from what [counsel] has indicated that his client was at least interested in perhaps some type of negotiated plea and perhaps would plead guilty if they could reach some kind of an agreement with the State. And, of course, that's not unusual a lot of times for cases to be set for trial, and then as the trial date draws closer a negotiated plea will be entered.

Now, it does appear [counsel] – and, again, I credit his testimony. [Counsel] tells me that he did talk with his client. He met with his client. He went over his rights with his client. And at some point, his client indicated that he was willing to accept the State's plea offer, which was the minimum sentence of eight years to serve in the Tennessee Department of Corrections. That's the minimum sentence for Possession with Intent to Sell or Deliver Cocaine Greater than .5 Grams, which is what he was charged with, a Class B felony.

. . . .

So, The Court finds that the [petitioner] has failed to carry his burden in this case. He's failed to show that his attorney was ineffective in any way. [Counsel] tells me he was prepared to try the case that week, that he had done discovery, that he was prepared to represent [the petitioner]. . . .

So, the court finds that [the petitioner] has failed to carry his burden [of] proof in this case, and The Court will deny the Petition for Post-Conviction Relief. All right. Thank you.

## Analysis

When a claim of ineffective assistance of counsel is made under the Sixth Amendment, the petitioner bears the burden of proving that (1) counsel's performance was deficient, and (2) the deficiency was prejudicial in terms of rendering a reasonable probability that the result of the trial was unreliable or the proceedings were fundamentally unfair. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). This standard has also been applied to the right to counsel under Article I, Section 9 of the Tennessee Constitution. State v. Melson, 772 S.W.2d 417, 419 n.2 (Tenn. 1989). When a petitioner claims ineffective assistance of counsel in relation to a guilty plea, the petitioner must prove that counsel performed deficiently and, but for counsel's errors, the petitioner would not have pled guilty but would have, instead, insisted upon going to trial. Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366, 370 (1985).

In Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975), our supreme court required that the services be rendered within the range of competence demanded of attorneys in criminal cases. In

reviewing counsel's conduct, a "fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689, 104 S. Ct. at 2065; see Nichols v. State, 90 S.W.3d 576, 587 (Tenn. 2002).

The petitioner bears the burden of proving by clear and convincing evidence the factual allegations that would entitle the petitioner to relief. T.C.A. § 40-30-210(f). This court is bound by the post-conviction court's findings of fact unless the evidence preponderates against those findings. Fields v. State, 40 S.W.3d 450, 456-57 (Tenn. 2001).

On appeal, the petitioner contends that trial counsel's ineffective assistance resulted in an unknowing and involuntary plea. However, the post-conviction court accredited trial counsel's testimony in which he stated that he met with the petitioner "at least four times" prior to the plea; that he discussed the nature of the charge and possible defenses with the petitioner; and that he had conducted discovery and was prepared for trial at the time of the plea.

Additionally, a review of the transcript of the plea proceeding reflects that the petitioner understood the plea agreement and that he admitted to committing the conviction offense. The plea colloquy further indicates that the plea was entered free of threats or promises and that the petitioner was satisfied with trial counsel's representation. The trial court noted that, although it could not recommend boot camp due to the petitioner's prior convictions, the DOC would make the final determination of the petitioner's admission to the program. Finally, the trial court informed the petitioner of his rights against self-incrimination, to call and cross-examine witnesses, and to a trial by jury, all of which the petitioner waived.

Upon review of the record in this case, we conclude that the evidence does not preponderate against the post-conviction court's finding that trial counsel rendered effective assistance and that the petitioner's plea was knowingly and voluntarily entered.

## Conclusion

Based upon the foregoing, we affirm the denial of post-conviction relief.

_____
JOHN EVERETT WILLIAMS, JUDGE